Scott, J.
I fail to discover in the facts embodied in tha agreed statement, any substantial ground upon which the defense attempted to be set up in the answer of the respondent Holderfield can be sustained. The plaintiffs are not asserting the mere equitable lien of a vendor; but an incumbrance created by a mortgage, executed and delivered to their testator, and on the faith of which he parted with the legal title to his lands.
At the time of defendant Holderfield’s purchase, Anderson, his vendor, had not the legal title to any part of the premises. This was in Grandin, who had a right to retain it, until the purchase money owing by Anderson should be fully paid. And this right of his could not be impaired, or in any way prejudiced, by contracts to which he was a stranger; nor, in regard to such contracts, was he bound to make inquiry.
But supposing Grandin, at the time of receiving this mortgage, to have had full and accuratp knowledge of the contract between Anderson and John Holderfield, and of the extent to whcih it had been executed; yet the execution of the mortgage was not in fraud of, nor, in fact, prejudicial to the rights of Holderfield, nor could it have occasioned any loss or damage to him, except through his own subsequent negligence. Eor at the date of the transaction, Anderson had not only just received a conveyance of the legal title to the land mortgaged, but he also held an equitable interest therein to an extent greater than the sum secured by the mortgage. Holderfield was himself indebted to Anderson on his contract of purchase of the same premises, in a larger sum than the residue of purchase money due from Anderson to Grandin. It is true that Grandin might have taken as a security, a mortgage upon the whole tract of 123'acres, which he had sold to Anderson; but as to the propriety of doing so he might properly exercise his own discretion, and other parties have no right to complain of the limitations of the lien, so long as the incumbrance did *291 not exceed the mortgagor’s equitable interest in the portion incumbered.
It is clear that there is no vendor’s lien in the case which can be asserted against the premises purchased by Bools, or by William Holderfield. They received from Anderson unincumbered titles, Grandin having previously accepted as a security for the balance of purchase money due him, the mortgage now in suit. This mortgage was promptly put on record, and when Bools and William Holderfield, subsequently, made their final payments, and severally received clear titles, they might well rely on this mortgage, as an extinguishment of any possible lien upon their respective premises for purchase money remaining due to Grandin; especially as John Holderfield, the purchaser of the mortgaged premises was still owing, on his purchase, more than enough to discharge the incumbrance. But, in the face of this recorded mortgage, John Holderfield several years afterward, made his final payment to Anderson, and obtained from him a conveyance, without procuring a satisfaction and discharge of the mortgage. Any loss, resulting from this negligence of his, can not be equitably thrown, either wholly, or in part, upon other and innocent parties. His want of actual knowledge of the mortgage, can not avail as a defense against the plaintiffs, whose testator had given him the means of knowledge, by causing it to be seasonably recorded.
The plaintiffs are entitled to a decree for the amount remaining unpaid upon their note, and, in default of pavment, to an order for the sale of the mortgaged premises.
Brinkerhoff,. O.J., and Day, White, and Welch, J J. concurred.